Please rise. This court is now in session. Good morning. Please be seated. Ms. Platt, you will call the next case, please. 3-14-05-48 People of the State of Illinois Appellee by Thomas Arada v. Lionel DeBose Appellant by Andrew Boyd Mr. Boyd. Good morning, Your Honors. Andy Boyd from the State Appellate Defender's Office on behalf of Defendant Lionel DeBose to please the Court and Counsel. This case presents a relatively simple issue on which this Court has granted release several times in the past. The question is whether post-condition counsel has an obligation to shape a post-condition petitioner's pro se petition into the proper legal format and whether post-condition counsel provides an unreasonable level of assistance by failing to do so. In three recent cases, this Honorable Court has answered yes to that question. This Court has determined that the failure to properly amend the defendant's pro se petition does constitute unreasonable assistance. And I'm talking about the Russell case from 2016, the Grosset case from 2016, and the Ross case from 2015. And that's exactly what occurred in this case, Your Honors. Post-conviction counsel here failed to properly amend Lionel's pro se post-conviction petitions. I'd like to talk very briefly about the procedural history in this case. Lionel entered a fully negotiated guilty plea to second degree murder. He did not file a motion to withdraw his plea, nor did he take a direct appeal. Following his conviction, he filed two pro se post-conviction petitions alleging the guilty plea counsel was ineffective for a number of different reasons. Some of those reasons were that counsel failed to fully advise him as to the nature of the charge that he was pleading guilty to, second degree murder. Counsel failed to consult with him or file pretrial motions. Counsel failed to show him discovery materials. Counsel failed to argue against his 19-year sentence. And Lionel also explained that this incident was a matter of self-defense. In his first petition, Lionel didn't request any specific relief. In his second petition, he asked for a new sentencing hearing. The court went ahead and advanced the petitions to the second stage and appointed counsel for Lionel. Appointed counsel at that point unfortunately didn't do anything to assist Lionel. Counsel did not file an amended petition presenting Lionel's claims in their proper legal format. That was the biggest problem, of course. The other problems were that counsel didn't  make any arguments on Lionel's behalf at the hearing on the motion to dismiss. In other words, what counsel did was effectively abandon his client. Counsel effectively abandoned Lionel. And the court not surprisingly went ahead and granted the state's motion to dismiss the petition. Under Rule 651C, post-conviction counsel has three obligations. The first obligation is to consult with the petitioner. The second obligation is to examine the record. And the third obligation is to properly amend the petition. And at the second stage of post-conviction proceedings, which is where this case was, the petitioner bears the burden of establishing or making a substantial showing of a constitutional violation. Since the petitioner bears that burden at the second stage, a post-conviction attorney who fails to properly allege or support the claims raised in a post-conviction petition performs unreasonably. And that's exactly what happened in this case. Post-conviction counsel here did file a 651 certificate which does give rise to the presumption that counsel performed reasonably. However, the case law is pretty clear that this presumption is not irrefutable and it can be rebutted by the record and it was rebutted by the record in this case. The biggest failure that counsel made here, unfortunately, was to properly shape Lionel's assertions into their proper legal format. Lionel's essential claim was that plea attorney provided ineffective assistance. And we know that criminal defendants have the right to effective assistance of counsel at all stages, at all important stages of criminal proceedings and that certainly includes guilty plea proceedings. Lionel's claim of ineffective assistance of counsel during guilty plea proceedings are controlled by what we know as the familiar Strickland standard. Under that standard, post-conviction counsel here was obligated to show that defense counsel's performance during the guilty plea process was sufficient and that the deficiency preceded Lionel. Under deficiency, we have to show that the plea counsel's performance was objectively unreasonable under the profanity standards of professional norms. And under prejudice, there's a couple of very specific allegations that need to be made. The first one is that there has to be a showing that there's a reasonable probability that absolute guilty plea counsel's errors Lionel would not have pled guilty and he would have decided to go to trial. A bare allegation that Lionel was insistent on trial would not have been enough to establish prejudice. Post-conviction counsel was required to go ahead and make an additional allegation either that Lionel was actually innocent or that there was some sort of tolerable defense that could have utilized that as trial. And post-conviction counsel failed to properly amend the petition to put that petition in that proper legal format. An appropriately amended petition would first allege that the actions the plea counsel took fell below the standards of prevailing professional norms. For example, by alleging that counsel failed to fully advise Lionel as to the nature of the charges that he faced, or the sentencing options that were available to him, or by failing to consult with him at each of the allegations that Lionel made, counsel certainly could have made those allegations in an amended petition. The next thing that a properly amended petition would have done would have alleged that Lionel would not have pled guilty and would have insisted on going to trial if it wasn't for plea counsel's errors. Counsel would have then had to go ahead and make the further allegation that there was a tolerable defense to be utilized for trial and that was available here because Lionel did allege in both of his petitions that the sentencing was a matter of self-defense. So there would have been a tolerable defense that counsel could have made. And the last thing that counsel could have done and should have done was to request a proper relief. It's clear that a defendant presented a negotiated plea of guilty can't simply request a reduction in the sentence without first withdrawing his plea. So Lionel had asked for improper relief. Counsel should have amended the petition to request withdrawal of the guilty plea as a proper relief. We do acknowledge that it's not always mandatory to file an amended petition. Post-conviction counsel's decision not to file an amended petition here wasn't automatically an error, but this wasn't a case in which it would have been impossible or unethical to shape Lionel's allegations into their proper legal format. Counsel just needed to make three simple changes to Lionel's petitions. Alleged that guilty plea performance for counsel was deficient, that Lionel would have gone to trial but for the errors, and that the tolerable defense or self-defense was there. And then asked for the proper relief which was withdrawal of the guilty plea. And that's all that counsel would have done to satisfy the obligations. Counsel didn't do that. The state in its brief argues repeatedly that the petition was meritless. It's well established both by this court and by the Illinois Supreme Court that course review shouldn't be examining the merits of post-conviction petitions where post-conviction counsel has failed to fulfill the duties of Rule 651C, consultation with the petitioner, examining the record, and most importantly, amending the petition re-manage required regardless of whether or not the claims have merit. In the Brossett case, I'd like to talk about that case a little bit here in conclusion. This honorable court recently held that post-conviction counsel's complete omission of the second prong of the Strickland analysis of an amended post-conviction petition constituted unreasonable assistance. In that case, post-conviction counsel at least made an attempt to amend the defendant's petition. Counsel did file an amended petition in that case, but this court found at any rate that counsel's performance was unreasonable because what happened in that case was that counsel had admitted a key portion of the ineffective assistance analysis, that being the second prong of the analysis prejudice. Counsel failed to allege that there was any prejudice from plea counsel's errors. In this case, what happened is that counsel simply didn't do anything at all, and if there was error in the Brossett case, there's certainly error in this case. And so we respectfully request that this honorable court reverse the dismissal of Lionel's post-conviction petitions, re-man the case for new second-stage post-conviction petitions with the appointment of counsel. I'll be happy to take any questions if there are any from the court. Thank you, Your Honor. Mr. Rado. Thank you, Your Honor. May it please the Court. Good morning, Your Honors. Thomas Rado on behalf of the people. This was a fully negotiated guilty plea. Therefore, in order to affect anything on the PC, you would have had to have alleged that he would not have gone to trial or that he wanted to withdraw his guilty plea. That was the only available options. Throughout both his PCs, the first one he did not ask for any specifically. The second one he asked for was to have a new sentencing hearing. Counsel filed a certificate saying that he had consulted with the defendant. He also represented at the hearing that he had consulted with the defendant. The trial court asked, is the relief the defendant wants a new sentencing hearing? Counsel said yes, that's what he wanted. Therefore, there's no way that counsel could have reshaped this petition to a form that would have been to what the defendant wanted, which was a new sentencing hearing. If he had revised it or amended it to ask for withdrawal of the guilty plea, he would have gone against his client's apparent wishes. It also would have exposed the defendant to going back to the original first-degree murder charges and exposure beyond the 19-year sentence that he had agreed to originally. So, as far as ethical concerns, we can assume from the 651C certificate that the counsel was acting within the scope of what his duties were. As far as if this court finds differently, I would suggest, as I argued to an entirely different panel last month on almost the same theory, different facts, same theory, we believe there should be some sort of appropriate ability for a trial judge if he determines that there is an inability or failure of counsel to amend, like there's a failure to say, hey, you should have added the second prong of strickling. To tell the counsel to amend it. This court in Anders' briefs that are filed here can reject those Anders' briefs and direct defense to brief certain issues. We believe it would be appropriate for, in the future, advising trial courts to be able to do that in order to prevent these constant mills of coming up here, getting sent back down. Because Judge Brown has done, did a fine job, in our view, of trying to deal with these by saying, well, even if this was waived, even if this was not included, the petition would fail. We understand that under current Supreme Court precedent, you're not really supposed to go into the merits of the petition. But if we were in a position where the judge could say, hey, do this over. That would put anybody in a much better position. What case was that? Do you remember the case name? I would have to go back. I have now started putting that in my briefs on these particular issues. You indicated it was a completely separate panel. Correct. These three justices didn't hear that argument. Correct. It was O'Brien, McDade, and Carter. Justice Carter and Justice McDade. I had the pleasure of that argument. And the decision hasn't been issued yet? Correct. So that should be easy to figure out. You said it was on the call last month? Correct. So you're suggesting that the trial court be advised that what? That they can direct an appointed counsel to revise or amend the petition that is deficient. That is true even if the state has filed a motion to dismiss and points out the deficiencies such as, hey, you didn't preserve this in your petition. And at that point, the judge is alerted to the fact that hey, in order to address this you have to preserve it in an amended petition. There is no current procedure for that. That's why we're advocating that it would be a good plan in the future. But there's no prohibition? There's no prohibition on that. But nobody's done it before. As far as I'm aware. So you're suggesting the best practice? Yes. And that be explicitly put out there. Is there an amendment in this case? Well, in this particular case, there's no this court would direct new counsel to do that. Correct. But to put it in there that there's a better practice in the future is to address that point. What do you think about the fact that there were two petitions in this case and defense counsel didn't even make an effort to merge the two into one? Well, the trial judge decided to consider them both as one. Now, I don't could you claim that that in and of itself is ineffective? Well, if there's nothing to amend if he's consulted with his defendant and the defendant says, no, I want a new sentencing hearing I'm not sure there's anything he can do. There wasn't a need to file the second post-conviction petition, granted. Oh, that's true. And nobody objected? The court considered both? Both. Thank you. If there's no other questions, we respectfully request that this court be confirmed. Thank you. Mr. Boyd? Before you start, I want to apologize for the conversation that was ongoing when you were first giving your initial argument. You probably didn't even realize it. I did not. The building could have been on fire behind me. So I apologize for that. Lack of courtesy. I'd like to talk briefly about the ethical concerns that the state raised. What I would simply point out is that if post-conviction counsel had consulted with Lionel and had determined that there was some sort of ethical problem with presenting this petition, counsel had an option at that point and that was to move to withdraw via a Greer motion. Counsel could have done that. That's fairly commonly done in a trial court and that would have been a perfectly acceptable way for counsel to proceed. Our position is that if a post-conviction attorney is going to stay in the case, has consulted with the petitioner and decided for whatever reason that he or she is going to stay in the case, then at that point the obligations under Rule 651C attach and one of those obligations, arguably the most important of those obligations is to properly amend the post-convictioner's petition in the proper legal format so that the trial court can get a good, honest look at what the allegations are and make an appropriate decision based on the merits of a properly presented post-conviction petition. And that's what didn't happen in this case. We had Mr. DuBose making some allegations about ineffective assistance to plea counsel. These allegations were unshaped and unformed as is commonly the case with these post-conviction, pro se post-conviction petitioners. Counsel stayed in the case and at that point counsel didn't do anything. Counsel didn't shape the allegations into the proper format and predictably the petitions were dismissed at the second stage. So what we're asking again is for this Honorable Course to reverse the decision and extend this thing back to second stage proceedings with new counsel. If there's any other questions I'll be happy to answer them. I'm going to ask you the same question that I asked Mr. Arado and here there were two petitions and Lee was not requested to file the second petition but you don't address that in your argument. I'm wondering if, I mean this is an unusual procedure of posture that the judge has two petitions and nobody takes the time to even I think that just adds further weight to the argument that we're making is that counsel, post-conviction counsel didn't do the job. But the judge stepped up and said okay, I'll look at both. Right. I have seen this in other cases. I don't want to veer outside the record here too much in this case but I have seen this in other cases where I have seen this in other cases where post-conviction petitioners, pro se post-conviction petitioners have filed a number of different petitions and some of the cases are different and what competent post-conviction counsel will do at that point is take all those allegations and present them to the trial court in one properly formatted petition and that's what counsel should have done in this case. That's what should have happened in this case and unfortunately that's not what happened in this case and that's the essential problem here. So again, I'm going to ask the clerk to reverse the sentence and get back to the second stage. But really your complaint is not about how the trial judge treated those conviction petitions. No. It's a step before the trial judge did the best he could do. That's absolutely correct. Thank you very much. Thank you Mr. Boyd. Thank you both for your arguments today. We will take this matter under advisement and get back to you with a written disposition within a short day. We'll now take a short recess. Is that a question recess? Thank you.